UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BALGOVIND SHARMA and
VANDANA SHARMA,

    Plaintiffs,

- against -

AMERICAN AIRLINES, INC.,

    Defendant.

------------------------------------------------------------x

Civil Action No.

**COMPLAINT**

Plaintiffs Demand
Trial By Jury

Plaintiffs, BALGOVIND SHARMA and VANDANA SHARMA, by their attorneys, Kreindler & Kreindler LLP, as and for his complaint, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiffs BALGOVIND SHARMA and VANDANA SHARMA are citizens of New York and reside in Duchess County, New York, which is within the Southern District.

2. Defendant AMERICAN AIRLINES, INC. (hereinafter "American") is a corporation organized and existing under the laws of the State of Delaware, which maintains its principal place of business in the State of Texas. American is registered to conduct and does conduct substantial business in New York and within this District.

3. Jurisdiction is founded on diversity of citizenship, 28 U.S.C. § 1332, in that plaintiff is a resident of New York and defendant is incorporated in Delaware and maintains its principal place of business in Texas, and the amount in controversy exceeds the sum of $75,000 excluding interest and costs.

4. Venue in this District satisfies the requirements of 28 U.S.C. § 1391, in that defendant is registered to conduct and does conduct substantial business in this District and is subject to personal jurisdiction within this district, and plaintiff resides within this District.

## GENERAL ALLEGATIONS

5.     At all times mentioned herein, American was a common carrier engaged in the business of transporting passengers by air and operated regularly scheduled flights throughout the United States and internationally.

6.     On or about April 28, 2006, plaintiff BALGOVIND SHARMA was a fare-paying passenger aboard American Flight #502 from San Jose, California to Austin, Texas (the "subject flight").

7.     At all relevant times, American, through its pilots, employees, agents, and/or other representatives controlled all aspects of the subject flight, including, but not limited to, flight planning, weather planning, weather avoidance, the route of flight, and passenger briefings, warnings, cautions and/or instructions.

8.     During the flight, while the aircraft was at cruise altitude, plaintiff BALGOVIND SHARMA arose from his seat to use the aircraft's lavatory. The lavatory was occupied, however, and he had to stand in the aisle for a few moments until the lavatory became available. While he was standing in the aisle, the aircraft encountered severe turbulence, believed to be associated with a large severe weather system immediately below the aircraft, and plaintiff BALGOVIND SHARMA was consequently thrown suddenly, without notice or warning, and violently upward, where he struck his head against the structure/ceiling of the aircraft cabin and lost consciousness. The turbulence incident and resulting impact caused serious and permanent injuries to plaintiff BALGOVIND SHARMA.

## PLAINTIFF BALGOVIND SHARMA'S CLAIMS FOR NEGLIGENCE AGAINST AMERICAN

9.     Plaintiff BALGOVIND SHARMA repeats and realleges each and every allegation, as set forth in paragraphs 1 - 8 above as if more fully set forth at length herein.

10.    American owed plaintiff BALGOVIND SHARMA a heightened duty of care and had a non-delegable duty to ensure that the subject flight was conducted safely, and that all aspects of the flight, including weather and route of flight, were adequately researched, planned, and evaluated. American further owed plaintiff BALGOVIND SHARMA a heightened, non-delegable duty to investigate and identify areas of known, suspected and/or foreseeable severe turbulence along the route of flight and to avoid such areas during the flight. American further owed plaintiff BALGOVIND SHARMA a heightened, non-delegable duty to warn and/or advise of known, suspected and/or foreseeable severe turbulence along the route of flight and to advise and/or instruct plaintiff to remain in his seat during those portions of the flight. Defendant failed in all respects.

11.    American breached its duties by negligently and carelessly failing to adequately plan and route the subject flight so as to avoid the large area of severe weather and/or severe turbulence that was known or should have been known to American, and that resulted in the turbulence incident that injured plaintiff BALGOVIND SHARMA. American further breached its duties by failing to take action during the subject flight to avoid the large area of severe weather and/or severe turbulence that gave rise to the turbulence incident. American further breached its duties by failing to warn or advise plaintiff BALGOVIND SHARMA of the potential for severe turbulence along the route of flight that was known or should have been known to American, and by failing to instruct plaintiff to remain in his seat with his seat belt fastened during that portion of the subject flight.

12.    As a direct and proximate result of American's negligence, recklessness and failure to exercise the level of care appropriate and reasonable under the circumstances, plaintiff BALGOVIND SHARMA suffered, and continues to suffer, severe and permanent physical and mental injuries, including, but not limited to, brain

damage with loss of cognitive function, cervical disc degeneration, continued and persistent headaches, continued and persistent loss of sleep, continued and persistent weakness and/or loss of strength in his arms and shoulders, and continued and persistent pain and mental anguish, all of which have and will interfere with his ability to function in all aspects of his life, including his professional and work-related duties and responsibilities, and which will require continued treatment and expense.

13.   As a result of the foregoing, plaintiff BALGOVIND SHARMA is entitled to recover damages in an amount that fully and justly compensates him for all elements of damages allowed by law, including, but not limited to, past and future pain and suffering, past and future mental anguish, expenses for past and future physical and mental medical / professional treatment, past and future loss of earnings and/or earning capacity, and past and future loss of enjoyment of life.

### PLAINTIFF VANDANA SHARMA'S CLAIMS AGAINST AMERICAN

14.   Plaintiff VANDANA SHARMA repeats and realleges each and every allegation, as set forth in paragraphs 1 - 13 above as if more fully set forth at length herein.

15.   As a result of the subject turbulence incident, plaintiff BALGOVIND SHARMA was rendered sick, sore, and disabled and so remains. He was severely, seriously and permanently injured. He suffered, still suffers and upon information and belief, will continue to suffer substantial, permanent pain and disability. As a result of such severe injuries and disabilities, at all of the aforementioned times and currently plaintiff VANDANA SHARMA, who is the lawfully wedded wife of plaintiff BALGOVIND SHARMA, has suffered and will continue to suffer loss of consortium and enjoyment of life. She has also been deprived of his support and has had to expend a great deal of time attending to the physical needs of her disabled husband and will continue to have

to do so in the future. She has also been required to assume the responsibilities in the operation and maintenance of the family household, and will continue to have to do so in the future, as a result of her husband's disability and diminution in his ability to contribute to such maintenance.

16. By reason of the foregoing, plaintiff VANDANA SHARMA is entitled to damages in an amount that fully and justly compensates her for all elements of damages allowed by law.

**WHEREFORE**, plaintiffs BALGOVIND SHARMA and VANDANA SHARMA demand judgment against American in an amount that fully and justly compensates them for all elements of damages allowed by law, plus interest and costs.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims in this action.

Dated: New York, New York
January 30, 2008

Respectfully submitted:

KREINDLER & KREINDLER, LLP

By: _____
David C. Cook (DC-2510)
William O. Angelley
KREINDLER & KREINDLER, LLP
100 Park Avenue
New York, New York 10017
(212) 687-8181
(212) 972-9432 Facsimile

*Attorneys for Plaintiff*